UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

MARCUS INGRAM, Individually,

        Plaintiff,

v.                                   Case No.

ACAPULCO, INC.
A Domestic Corporation

        Defendant.

_____/

## COMPLAINT

Plaintiff, Marcus Ingram (hereinafter "Plaintiff"), hereby sues the Defendant, Acapulco, Inc., a Domestic Corporation (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, costs and damages pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), Negligence, Ga. Code Ann. §51-3-1, and Negligence per se, GA. Code Ann. §51-1-6. In support thereof, Plaintiff states:

1. This action is brought by Marcus Ingram, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a), and for negligence and negligence per se, against the owners and/or operators of the Taxco Mexican restaurant.

1

2. This Court has jurisdiction pursuant to the following statutes:

 a. 28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 <u>et seq</u>.  See also 28 U.S.C. §2201 and §2202.

 b. 28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

 c. 28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's State claim as violations of Georgia Code, arise from the same facts and circumstances that give rise to Plaintiff's ADA claim.

4. Venue is proper in this judicial district and division. Defendant does business in the State of Georgia, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

5.      Plaintiff Marcus Ingram is a resident of Atlanta, Georgia, uses a wheelchair due to paraplegia, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104.

6.      Plaintiff Marcus Ingram is substantially limited in performing one or more major life activities, including but not limited to, walking unassisted and standing for long periods.

7.      Plaintiff Marcus Ingram resides in close proximity to the property in question and frequently visits such property.

8.      Plaintiff Marcus Ingram has been a patron at the Taxco Mexican restaurant , 4500 Roswell Road, NE Atlanta, GA

9.      The Taxco Mexican restaurant is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

10.     Defendant owns, leases, leases to, or operates the Taxco Mexican restaurant, and is responsible for complying with the obligations of the ADA.

## COUNT I

## VIOLATION OF THE ADA

11.     Plaintiff realleges paragraphs one (1) through ten (10) of this Complaint and incorporates them here as if set forth in full.

12. Plaintiff was a patron at the Taxco Mexican restaurant on or about August 10, 2018.

13. Plaintiff has returned to the property since then and has definite plans to return the property again in January 2019, to avail himself of the goods and services offered to the public at the property but for the barriers in existence that deter him from doing so.

14. There are numerous architectural barriers present at the Taxco Mexican restaurant that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the Taxco Mexican restaurant are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

15. Plaintiff, upon visiting the property, personally suffered discrimination because of his disability.

16. There are several elements and spaces that Plaintiff personally encountered and which discriminated against him based upon him disability, such as:

    a. The designated accessible parking space has an excessively steep slope that creates a dangerous condition for an individual in a wheelchair.

    b. There is a designated accessible ramp that extends into the access aisle of the parking space, making it inaccessible for an individual in a wheelchair.

     c.     The designated access ramp is too steep for an individual in a wheelchair to utilize.

     d.     There are not enough grab bars in the men's public restroom for an individual in a wheelchair to be able to use the restroom.

     e.     There is a non-self closing door on the stall of the public restroom that makes it inaccessible to an individual in a wheelchair.

     f.     The coat hook in the public restroom is located too high for an individual in a wheelchair to utilize.

     g.     The sink is inaccessible to an individual in a wheelchair.

     h.     The mirror in the public restroom is located too high for an individual in a wheelchair to utilize.

     i.     The urinal in the public restroom is located too high for an individual in a wheelchair to utilize.

     j.     The restroom door lacks sufficient pull-side clearance for an individual in a wheelchair to utilize.

17.     The discriminatory violations described in paragraph 16 of this Complaint are not an exclusive list of the Defendants' ADA violations. The Plaintiff, and all other mobility-impaired individuals similarly situated have been denied access to, and have been denied the benefits of, services, programs and activities of the

Defendants' buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

18. The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff has been denied access to, and has been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, the opportunity to use such elements, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

19. Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Marcus Ingram has standing to require that all barriers to access on the property for the mobility-impaired are corrected, not merely only those Marcus Ingram personally encountered.

20. Defendants' failure to remove the architectural barriers identified in paragraph sixteen (16) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

21. It would be readily achievable for the Defendant to remove the architectural barriers identified above.

22. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities , 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

23. The Defendant has discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

24. Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

25.     Marcus Ingram has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 16 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA by the Defendants.

26.     Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA.

27.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

29.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with

disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II
## NEGLIGENCE PER SE

30. Plaintiff realleges paragraphs one (1) through twenty-nine (29) of this Complaint and incorporates them here as if set forth in full.

31. Defendant's failure to comply the ADA is per se negligence under Georgia law.

32. A plaintiff may assert a claim of negligence per se arising from violations of federal or state statutes as long as (1) that plaintiff falls within the class of persons the statute was intended to protect; (2) the harm complained of was the same harm the statute was intended to guard against;  and (3) the violation of the statute proximately caused the plaintiff's injury. See Kull v. Six Flags Over Ga. II, 264 Ga.App. 715, 716, 592 S.E.2d 143 (2003).

33. Plaintiff, a disabled individual, is within the class for whose benefit the statute was enacted.

34. In accordance with 28 C.F.R. § 36.304(a), a public accommodation shall remove architectural barriers in existing facilities where such removal is readily achievable.

35.     Defendant was required to perform and act for the benefit of another, i.e. to make the property compliant with the ADA for the benefit of disabled individuals.

36.     Plaintiff, by being denied access to the property of Defendant, was humiliated, aggrieved, distraught and suffered emotional damages.

37.      Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA and Georgia law by the Defendants.

38.     Plaintiff has been aggrieved by Defendant's breach of their duty, has suffered irreparable harm, and is entitled to damages for the breach of such legal duty under Ga. Code Ann. §51-1-6.

39.     Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

   A.    Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, and GA. Code Ann. §51-1-6.

       i.     by failing to bring the Taxco Mexican restaurant into compliance with the Standards where it is readily achievable to do so; and

      ii.    by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

B.    Order Defendant:

      i.     to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

      ii.    to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

C.    Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D. Award damages to Plaintiff.

E. Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,

By: */s/ Pete M. Monismith*
Pete M. Monismith
Georgia Bar 941228
Attorney for Plaintiff
3945 Forbes Ave., #175
Pittsburgh, PA 15213
(tel) 724-610-1881
(fax) 412-258-1309
pete@monismithlaw.com

## Font Certification

I certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

/s/ Pete Monismith
Pete Monismith
